CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 2 7 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **ANTHONY TURNER,** | ) | |
| **Plaintiff,** | ) | **Civil Action No.7:05-cv-00779** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **TROUTMAN SANDERS,** | ) | **By: Hon. James C. Turk** |
| **Defendants.** | ) | **Senior United States District Judge** |

Plaintiff Anthony Turner, a Virginia inmate proceeding pro se, styles his pleading as one proceeding under the Federal Tort Claims Act, alleging legal malpractice by attorneys appointed to represent him in a civil action in another federal court. Because Turner sues individuals rather than the United States (the proper defendant to a Tort Claims Act) and because he alleges ineffective assistance and denial of the right to appeal, the court construed his action as one arising primarily under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] Turner also apparently applies to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(b). Upon review of court records, the court finds that Turner is not entitled to proceed with this civil action, absent prepayment of the filing fee, and that the action must, therefore, be filed for administrative purposes only and dismissed without prejudice under Subsection (g) of §1915.

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Turner offers no indication that he has exhausted administrative remedies in the agency that employed the defendants as required before he may bring a federal lawsuit under the FTCA.

1

The court takes judicial notice of the fact that Turner has had at least three civil actions or appeals dismissed as frivolous or for failure to state a claim. Turner v. Carbone, Civil Action No. 7:03-cv-00757 (W.D. Va. 2003)(dismissed under §1915A); Turner v. Saatoff, Civil Action No. 7:99cv00720 (W.D. Va. October 28, 1999)(dismissed under §1915(e)(2)); Turner v. Poe, Civil Action 7:97cv00765 (W.D. Va. December 15, 1997)(dismissed under §1915(e)(2)). The court thus finds that plaintiff has at least three "strikes" within the meaning of §1915(g). Therefore, Turner cannot file this civil action or any other civil action without prepayment of the $250.00 fee unless he demonstrates that he is "under imminent danger of serious physical injury." §1915(g).

Turner alleges that the defendant attorneys were appointed to represent him in a lawsuit by which he stood to recover three million dollars. He alleges that the defendants committed fraud, took bribes, misrepresented information to a handicapped person, provided ineffective assistance of counsel, advertised falsely, and took undue advantage of their "mentally problematic" client. These alleged misdeeds do not place Turner in any imminent danger of serious physical harm As Turner has three "strikes" and has failed to demonstrate any imminent danger of serious physical harm within the meaning of §1915(g), the court must deny Turner's request to proceed in forma pauperis in this action and dismiss his case without prejudice, pursuant to §1915(g). An appropriate order shall be entered this day.

ENTER: This 27th day of December, 2005.

_James C. Turk_
Senior United States District Judge

2